UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 2:26-cv-13440
Hon. Susan K. DeClercq

SHANNON MONET STEEL,

Defendant.

**FILED UNDER SEAL**

---

***Ex Parte* Application to File Verified Complaint and Redacted Emergency Motion Under Seal Until Further Order of Court**

---

NOW COMES the United States of America, by and through Jerome F. Gorgon, United States Attorney for the Eastern District of Michigan, and K. Craig Welkener, Assistant United States Attorney, and hereby applies to this Court for an Order permitting the filing of this case *in camera under seal*—to include the Verified Complaint for Injunctive Relief, Emergency Ex Parte Motion for a Temporary Restraining Order, this Application, and any other documents filed—until further Order of Court.

## INTRODUCTION

The Verified Complaint for Injunctive Relief will initiate a civil action for injunctive relief, on facts arising out of an ongoing criminal investigation involving wire fraud and money laundering, in violation of 18 U.S.C. §§ 1343

(Wire Fraud), 1956 and 1957 (Money Laundering). The United States will then immediately file an Emergency *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause, asking the Court to freeze Steel's assets up to a total value of $1.05 million for 14 days, and requiring Steel to show cause within 14 days why the TRO should not be converted into a preliminary injunction.

Premature exposure of the details of the investigation, and the Government's intent to seek a Temporary Restraining Order restraining Defendant's assets, as set forth in the Verified Complaint for Injunctive Relief and related documents, would threaten the goals of 18 U.S.C. § 1345 in restraining fraud and the dissipation of criminal proceeds and "property of equivalent value," and allow Steel to dissipate assets while the TRO request is pending.

## LEGAL AUTHORITY

Federal Courts are empowered to seal documents in appropriate circumstances. *Cf.* Federal Rule of Criminal Procedure 6(e)(4) (permitting sealing of indictments). The Supreme Court has noted that "[e]very Court has supervisory power over its own records and files, and access has been denied where Court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Federal district courts have the inherent power to file civil forfeiture complaints and affidavits under seal to prevent disclosure which would jeopardize an ongoing criminal investigation. *See*

*United States vs. Chaffey Lane*, 2010 WL 147211, *2 (E.D. Ky. Jan. 8, 2010); *see also United States v. Leasehold Interest in Property Known as 900 East 40th Street*, 740 F. Supp. 540, 541-42 (N.D. Ill. 1990). Rule 5 of the Federal Rules of Civil Procedure grants federal Courts supervisory power over the filing of pleadings.

## DISCUSSION

The Verified Complaint for Injunctive Relief arises out of an ongoing criminal investigation of Shannon Steel for defrauding various investors by offering millions of dollars in loans. For the reasons set forth below, the government is requesting that this case be filed *under seal in camera*—to include the Verified Complaint for Injunctive Relief, Emergency Ex Parte Motion for a Temporary Restraining Order, this Application, and documents filed in the case.

Four factors support the filing of this case under seal:

1) **Underlying Offenses:** As alleged in the Verified Complaint, Emergency Motion and supporting affidavit of FBI Special Agent Mackenzie Killian, and related criminal complaint, Steel has engaged in wire fraud, and money laundering involving at least $1.5 million in funds obtained from various investors around the United States.

2) **Ongoing Dissipation:** Also as alleged in these documents, Steel appears to be actively dissipating the fraud proceeds, including recent lulling

payments of fraud proceeds to other victims of the scheme, and regular personal expenditures of investor funds.

3) **Potential for Dissipation Due to Notice:** The United States is concerned that if notice is provided to Steel, she may utilize that notice to more swiftly dissipate or hide her assets and place them beyond the reach of victims or the United States, between the time that she receives notice and a Temporary Restraining Order is entered. For example, Steel appears to be well-versed in wire transfers, she appears to place anything of value that she owns in the name of others, and she regularly uses an attorney IOLTA account funded by her fraud victims to pay her personal expenses, including her rent and credit card. Steel could thus use notice as a trigger to complete more wires (to unknown accounts) or transfer property to third parties, swiftly causing irreparable harm and thwarting the goals of 18 U.S.C. § 1345.

4) **Notice Will Swiftly Be Provided:** If the TRO is entered, the United States will (a) immediately serve it upon financial institutions and third parties, and (b) then, upon confirmation that financial institutions and third parties have restrained Steel's assets, serve Steel herself and immediately move to unseal the entire case. Steel will then have notice and opportunity to respond.

5) **Appropriate Redactions of Unindicted and Potentially Innocent Third Parties Names**: The complaint and the emergency motion—including the

exhibits submitted in support of the motion—redact the names of sensitive third parties, who are unindicted and include innocent third parties. For example, attorney escrow agents who received the funds of Steel's victims and used those funds to pay Steel's personal expenses are identified only as Escrow Agent 1/Attorney M.B. and Escrow Agent 2 (Attorney D.L. from law firm L. & L. LLP), and other associates and third parties have been redacted from the filings that depict Steel's personal finances. Finally, additional redactions have been made pursuant to Federal Rule of Civil Procedure 5.2 (e.g. social security numbers, financial account numbers). These redactions accord with the law and applicable jurisprudence, and should remain redacted after the case is unsealed, pending further order of the Court. *United States v. Smith*, 776 F.2d 1104, 1115 (3d Cir. 1985) (sealing of the names of unindicted co-conspirators survives a press group's motion to unseal); *see also Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 308 (6th Cir. 2016) ("the privacy interests of [even] innocent third parties should weigh heavily in a court's balancing equation.")

## CONCLUSION

Without permission to file under seal, this action could fail in its purpose to prevent further dissipation of assets that may be subject to restraint.

For these reasons, the government respectfully requests that this case be filed *under seal in camera*—to include the Verified Complaint for Injunctive Relief, Emergency Ex Parte Motion for a Temporary Restraining Order, this

Application, and any other documents filed—pending further Order of this Court.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*/s/ K. Craig Welkener*
K. Craig Welkener (P89399)
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-0248
Kenton.welkener@usdoj.gov

Date: September 10, 2026