IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANNON MONET STEEL,<br><br>Defendant. | Case No. 26-cv-13440<br>Hon. Susan K. DeClercq<br><br>**Filed Under Seal** |

**Rule 65 Certification of K. Craig Welkener**

Pursuant to Fed. R. Civ. Pro. 65(b)(1)(B)[1], I hereby certify that the United States has not provided notice of its Emergency *Ex Parte* Motion for a Temporary Restraining Order to Defendant Shannon Monet Steel. Such notice should not be required for the following reasons:

1) **Underlying Offenses:** As alleged in the Verified Complaint, Emergency Motion and supporting affidavit of FBI Special Agent Mackenzie Killian, and related criminal complaint, Steel has engaged in wire fraud, and money laundering involving approximately $1.5 million in funds obtained from victims across the United States.

[1] That Rule provides: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

2) **Ongoing Dissipation:** Also as alleged in these documents, Steel appears to be actively dissipating these assets, including by using victim funds to pay her rent and personal credit cards.

3) **Potential for Dissipation Due to Notice:** The United States is concerned that if notice is provided to Steel, she may utilize that notice to more swiftly dissipate her assets and place them beyond the reach of victims or the United States, between the time that she receives notice and a Temporary Restraining Order is entered. For example, Steel appears to be well-versed in wire transfers and using entities and others to move assets, since she uses attorneys to pay her rent and an LLC to own her Bentley. Killian Affidavit Exhibits 1, 2, and 4. Steel could thus use notice as a trigger to complete more wires (to unknown accounts) or transfer property to third parties, swiftly causing irreparable harm and thwarting the goals of 18 U.S.C. § 1345.

4) **Notice Will Swiftly Be Provided:** Upon entry of the TRO, the United States will (a) immediately serve it upon Steel's various attorneys and financial institutions, and (b) then, upon confirmation that attorneys and financial institutions have restrained the relevant funds, serve Steel herself and immediately move to unseal the entire case. Steel will then have notice and opportunity to respond.

For these reasons, the United States requests that the Court enter the proposed temporary order *ex parte* under Rule 65(b)(1)(B).

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*/s/ K. Craig Welkener*
K. Craig Welkener (P89399)
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-0248
Kenton.welkener@usdoj.gov

Date: September 10, 2026