UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHANNON MONET STEEL,

Defendant.

Case No. 26-cv-13440
Hon. Susan K. DeClercq

Stipulated Preliminary Injunction
Pursuant to 18 U.S.C. § 1345

**STIPULATED PRELIMINARY INJUNCTION FREEZING THE ASSETS OF SHANNON STEEL AND THE STEEL ENTITIES**

The United States of America, together with Defendant Shannon Steel, and the Steel Entities identified below, all by and through undersigned counsel, submit this Preliminary Injunction for immediate entry.

## I. Stipulations

a. Steel and the United States stipulate that Steel has received a copy of the previously entered Temporary Restraining Order on September 11, 2026 (ECF No. 5).

b. By this stipulation, Steel accepts service on behalf of the Steel Entities identified below.

c. Steel does not admit the allegations in the civil or criminal complaint, or the factual findings below, but agrees to the Court entering the relief granted by this Stipulated Preliminary Injunction.

---

Before the Court is the Government's Emergency *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause ("TRO Motion"), ECF No. 2. In light of the arguments and evidence presented in the Motion and Complaint, the Court **GRANTS** the Motion and enters this Stipulated Preliminary Injunction **(1)** prohibiting any person from transferring or disposing of Defendant Shannon Monet Steel's assets (to include the assets of the Steel entities specified below) up to a total value of $1.05 million dollars, with the limitations described below; **(2)** authorizing service of this Order as detailed below on Defendant, her companies, agents, and financial institutions; and **(3)** requiring Defendant to show cause, if there be any, why the Court should not enter a preliminary or permanent injunction extending this relief.

## II. Findings

The Court having considered the Complaint, the parties' agreement, the pleadings and the additional evidence submitted in this action, and U.S. Magistrate Judge Elizabeth A. Stafford's probable cause finding for the corresponding criminal

complaint under Case No. 26-mj-30532, makes the following findings in the light thereof.

The Court finds that the Government has a strong likelihood of establishing by a preponderance of the evidence that Defendant Steel has committed violations of criminal statutes that are predicates for Section 1345 injunctive relief: 18 U.S.C. §§ 1343 (Wire Fraud), 1956 (Concealment Money Laundering), and 1957 (Transactions Exceeding $10,000 in Criminally Derived Property), with total proceeds of these offenses amounting to at least $1,050,000 dollars. *See* 18 U.S.C. § 1345(a)(1), (a)(2), and (b).

The Court finds, pursuant to 18 U.S.C. § 1345, that the Government has a strong likelihood of establishing by a preponderance of the evidence that Defendant Shannon Steel is alienating or disposing of property, and intends to alienate or dispose of property obtained in whole or in part in violation of the criminal statutes listed in 18 U.S.C. § 1345(a)(1) and (2), including transferring funds obtained from victims to pay her rent and credit cards.

The Court finds that the Government has a strong likelihood of establishing that the loss of the $1.05 million dollars—and their unavailability for restitution and forfeiture—is a "continuing and substantial injury" to the United States and Steel's alleged victims, which the Court is authorized to prevent pursuant to § 1345(a)(2) and (b). In light of the evidence shown, and Steel's ongoing dissipation of criminal

proceeds, the Court is authorized to restrain "any person" from dissipating any property obtained by the underlying offenses, "or property of equivalent value." 18 U.S.C. § 1345(a)(2)(B)(i).

The Court finds that Defendant Steel's assets, funds, or other property up to a total value of $1,050,000 constitute property obtained as a result of banking law violations (as defined in 18 U.S.C. § 3322) *or* property of equivalent value, within the meaning of 18 U.S.C. § 1345(a)(2).

The Court finds that there is a strong likelihood of irreparable injury to Steel's victims, unless this order is issued *ex parte*, thus allowing prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of Defendant and her corporate entities, before disclosure to Defendant, thus preventing further dissipation of criminal proceeds and funds otherwise available for restitution and forfeiture.

The Court finds that there is a strong likelihood that the Government will establish by a preponderance of the evidence that (1) Defendant is using the Steel Entities listed below as alter egos of herself, as nominees in transactions designed to hide assets from her victims and law enforcement, as vehicles for moving fraud and money-laundering proceeds, and as vehicles for fraudulent transfers; and (2) that the assets of the Steel Entities are therefore property of Steel herself and/or subject to

equitable restraint for the protection of the interests of Steel's victims and the United States, including their interests in restitution and forfeiture.

The Court finds that there is good cause to believe that alternative means of service are warranted, to permit swift notice of this action when unsealed and to permit a prompt and fair preliminary injunction hearing.

Finally, the Court finds—to the extent that the law requires such a finding—that the traditional factors governing issuance of a TRO or preliminary injunction favor granting this Order, and that the Court has authority to issue it under 18 U.S.C. § 1345 and its own equitable authority. The public interest in preserving assets for victim restitution and forfeiture of unlawful proceeds would be served by granting this Order. Any potential harm to Defendant and her businesses is ameliorated by the exceptions to the asset freeze listed below and outweighed by the strong likelihood of the Government's success on the merits. And Steel's attempts to dissipate her alleged criminal proceeds—and property of equivalent value—poses a strong likelihood of irreparable harm.

The Court therefore **ORDERS** the following relief:

## III. Order Freezing Steel's Assets

a) The Court hereby **PROHIBITS** any person from withdrawing, transferring, removing, dissipating, or disposing of Defendant Shannon Monet

Steel's assets, funds, or other property up to a total value of $1,050,000, subject to the exceptions listed in paragraph (i) below.

b) As used in this Order, the term "**any person**" means any individual or entity who receives actual notice of this order by personal service or otherwise, including but not limited to financial institutions, Defendant herself, her agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with any of them (as well as any entity under Defendant's ownership, direction or control, including the Steel Entities listed below, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them).

c) As used in this Order, the terms "**withdrawing, transferring, removing, dissipating, or disposing**" have their ordinary and reasonable meaning, including but not limited to a prohibition on any movement of or actions to reduce the value of the relevant property. The Court specifically includes in this definition, and thus prohibits: (1) *equity-stripping* (creating, drawing down, or using existing or created lines of credit or loans against restrained property), (2) *asset-shielding* via the creation or use of any corporate entities or trusts to hold the restrained property, and (3) *transferring* the restrained property in any manner, to include transferring restrained money between accounts already owned by Steel or any entity or person associated with her, pawning of assets or jewelry, or transferring funds overseas.

d) **Financial Institutions**: upon receiving notice of this order, any financial institution receiving it shall freeze any of Defendant Steel's assets, funds, or other property up to a total value of $1,050,000—as defined in paragraph (f) and related paragraphs—including any checking, saving, retirement, credit, or investment account, and refuse to accept any withdrawal or transfer request, and inform the relevant federal law enforcement personnel of the accounts and balances so frozen. In accomplishing service on financial institutions, federal agents may disclose Steel's social security number to identify her accounts and those of the Steel Entities.

e) As used in this Order, the term "Defendant Shannon Monet Steel's assets, funds, or other property up to a total value of $1,050,000" means all of Defendant's property interests, real or personal, including but not limited to any assets, funds, or other property held by or under the direct control of Defendant and/or the Steel Entities, whether held in any of their names or for their direct or indirect beneficial interests, or subject to their direct or indirect control, wherever located or by whomever held, and whether acquired before or after institution of this action, with total equitable value (after subtraction for outstanding mortgages, liens, or other debts) not to exceed $1.05 million. **This also expressly includes any funds held in Steel-related transactions, including funds held in attorney accounts on**

**behalf of Steel or the Steel Entities' clients or in escrow related to those transactions.** All such assets are FROZEN, pursuant to paragraph (a) above.

f) As used in this Order, the term "Steel Entities" are corporate entities that Defendant appears to own, control, and/or use to hide assets, which as of this Order is limited to the following:

1. STEEL CAPITAL GP LLC
2. SPB GLOBAL TR
3. SPB GLOBAL LLC (MI Dept. of Licensing and Regulatory Affairs ID No: 802749817) not SPB GLOBAL LLC (OH Secretary of State Entity No: 1881886)
4. STEEL CORPORATION
5. STEEL CAPITAL LP
6. SHANCO HOLDINGS LLC
7. SPB GLOBAL D/B/A SPB USA
8. SHANCO PARTNERS
9. STEEL PRIVATE COMPANY INC
10. STEEL COMPANIES INC
11. DOMINION GLOBAL LLC
12. STEEL TRUCKING
13. LEPTON EXCHANGE
14. LIQUOR BASKET DETROIT LLC
15. MANAGEMENT SOLUTION HOLDINGS
16. STEEL INTERNATIONAL LLC
17. AFRICA GOLD CORPORATION
18. STEEL TRUCKING LLC
19. [Intentionally omitted.]
20. PBF MANAGEMENT LTD
21. ELITE FINANCIAL LLC
22. SHALAC HOLDINGS LLC
23. STEEL FINANCIAL GROUP INC
24. SHANNON STEEL INC
25. SHANNON STEEL (sole proprietorship)
26. SHANNON STEEL & ASSOCIATES LLC
27. RCG AND PARTNERS LLC
28. LATE STAGE INVESTMENT FUND XLII

29. LAW OFFICES OF M.B. - IOLTA CLIENT TRUST FUND[1]
30. FIRST HORIZON BANK ACCOUNT OF L. & L. LLP[2]
31. SHANNON STEEL FOUNDATION
32. STEEL PRIVATE FUND LIMITED
33. STAR VISION CABLE LLC
34. STEEL PRIVATE BANK
35. STEEL PRIVATE TRUST
36. STEEL PRIVATE BANK LTD.

g) Defendant Steel and the Steel Entities are hereby specifically enjoined from alienating or disposing of any property obtained as a result of the wire fraud, or money laundering violations alleged in this suit or charged in the corresponding criminal case; or property which is traceable to such violations; or property of equivalent value; up to a total amount of $1,050,000.

h) This Order specifically applies to any accounts bearing Shannon Steel as signatory(s) or the Steel Entities as business name(s), including checking accounts, savings accounts, retirement or investment accounts, loans, and lines of credit (including credit cards), wherever held, including but not limited to the following financial institutions/entities:

---

[1] Financial institutions receiving this Order are not to freeze entire account(s) related to this law firm. Rather, the relevant law firm and attorney(s) are to freeze any funds held in Steel-related transactions, including funds held in attorney accounts on behalf of Steel or the Steel Entities' clients or in escrow related to those transactions.

[2] Financial institutions receiving this Order are not to freeze entire account(s) related to this law firm. Rather, the relevant law firm and attorney(s) are to freeze any funds held in Steel-related transactions, including funds held in attorney accounts on behalf of Steel or the Steel Entities' clients or in escrow related to those transactions.

1. Bank of America
2. First Horizons Bank
3. PNC Bank
4. American Express Co.

This Order also specifically applies to the following assets, which are included in the definition of "Defendant Shannon Monet Steel's assets, funds, or other property":

1. 2013 BENTLEY CONTINENTAL
2. 2022 MASERATI LEVANTE
3. All American Express accounts held by Shannon Steel, to include credit, checking, and savings accounts
4. All jewelry, precious stones, precious metals, currency, or other valuables possessed or controlled by Shannon Steel.

i) **Exceptions/Limitations:** Pursuant to the request process outlined below, the Court excepts from the asset freeze **(1)** necessary and reasonable living expenses, **(2)** necessary and reasonable expenses of any ongoing, legitimate business operations, and **(3)** funds necessary and reasonable to pay Steel's counsel of choice in her criminal case, pursuant to *Luis v. United States*, 578 U.S. 5, 18 (2016) (untainted funds) and/or *United States v. Monsanto*, 491 U.S. 600 (1989) and its progeny (tainted funds); *see also United States v. Jones,* 160 F.3d 641 (10th Cir. 1998); *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001). Furthermore, **(4)** any party—to include Steel herself, the Steel Entities, and any other third party—may

petition the Court for relief from this Order. Requests for release of funds pursuant to these exceptions will be granted only upon good cause shown by application to the Court with notice to and an opportunity for the United States to be heard. **(5)** This asset freeze shall not operate to prevent the execution of any search or seizure warrant by the United States.

## IV. Order for Alternative Service

Service of this Order, the Summons and Complaint, TRO Motion, and any other filings related to this case may be made by e-mail, mail, facsimile, delivery by law enforcement personnel, courier or process server, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Steel and the Steel Entities, or on counsel that has agreed to accept service. To the extent that a Steel Entity that Steel created no longer has a registered agent, the United States may effect service of this Order by service upon Steel and mailing to the last address of record.

## V. Further Proceedings

a) **Status Conference:** The motion hearing previously set for September 25, 2026, *see* ECF No. 9, is cancelled. However, the Court sets a status conference for the morning of **September 28, 2026, at 10 AM** before the Honorable Judge Susan K. DeClercq, in Courtroom 248 of the United States District Court, Eastern District of Michigan, 231 W. Lafayette Blvd., Detroit, Michigan 48226, to

discuss status of this case, including the amount of frozen assets and sources of payment for Defendant's living expenses. Steel herself is directed to be present at this Status Conference.

b) **Motions Process**: at any time, any party—to include Steel herself, the Steel Entities, and any other third party—may petition the Court for relief from this Order pursuant to the Exceptions/Limitations laid out above.

c) **Further Amendment:** The Court shall retain jurisdiction of this matter for all purposes, including potential further orders pursuant to 18 U.S.C. § 1345 and the All Writs Act. Under 18 U.S.C. § 1345(a)(3), no bond or security is required of the United States.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 23, 2026

---

**SO STIPULATED AND AGREED:**

Dated: September 21, 2026

*/s/ Steven E. Scharg (w/permission)*
STEVEN E. SCHARG
ATTORNEY FOR DEFENDANT
SHANNON STEEL
615 Griswold, Suite 1120
Detroit, MI 48226
(313) 300-0214
MI Bar No. P43372
Scharg1924@gmail.com

JEROME F. GORGON JR.
United States Attorney

*/s/ K. Craig Welkener*
K. CRAIG WELKENER, JR.
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Kenton.welkener@usdoj.gov
313-226-0248